Steven M. Rogers (13854)
Nicholas R. Russell (15018)
Rogers & Russell, PLLC
170 S. Main Street
Pleasant Grove, UT 84062
(801) 899-6064 phone
(801) 210-5388 fax
paralegal@roruss.com
Attorneys for Debtor(s)

|  | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF UTAH |
|---|---|
| In Re:<br><br>Jason Michael Burchum<br>Tawna Burcham,<br><br>Debtor(s). | Case No. 25-20675<br><br>Chapter 13<br><br>Hon. KEVIN R. ANDERSON |
| **NOTICE OF PRECONFIRMATION MODIFICATION TO CHAPTER 13 PLAN** | |

**PLEASE TAKE NOTICE** that Debtor(s) filed with the United States Bankruptcy Court for the District of Utah a request to modify the previously filed Chapter 13 Plan under 11 U.S.C. § 1323. The Debtor(s) moves the Court for confirmation of the Plan as modified without further notice and hearing.

1. In support thereof, Debtors represent as follows:

| Plan Part No. | **PREVIOUSLY FILED PLAN PROVISION** |
|---|---|
| 2.1 | **2.1    Debtor(s) will make regular payments to the trustee as follows:**<br><br>**$200.00** per **Month** for **36** months |
|  | **PLAN AS MODIFIED** |
| 2.1 | **2.1    Debtor(s) will make regular payments to the trustee as follows:**<br><br>**$200.00** per **Month** for **12** Months<br>**$800.00** per **Month for 24 Months.** |

| Plan Part No. | **PREVIOUSLY FILED PLAN PROVISION** |
|---|---|
| 3.3 | Secured claims excluded from 11 U.S.C. § 506.<br><br>Check one.<br>☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*<br>☒ The claims listed below were either:<br><br>(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or<br><br>(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.<br><br>These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).<br><br>| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |<br>|---|---|---|---|---|---|<br>| Wasatch Peak Credit Union | 2023 C-F Moto 600 | $3,600.00 | 5.00% | $70.00<br>Disbursed by:<br>☒ Trustee<br>☐ Debtor(s) | $4,059.97 | |
| | **PLAN AS MODIFIED** |
| 3.3 | Secured claims excluded from 11 U.S.C. § 506.<br><br>Check one.<br>☒ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.* |

| | **PREVIOUSLY FILED PLAN PROVISION** |
|---|---|
| 4.3 | **Attorney's fees.**<br><br>The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$5,000.00**. |
| | **PLAN AS MODIFIED** |
| 4.3 | **Attorney's fees.**<br><br>The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,750.00**. |
| | **PREVIOUSLY FILED PLAN PROVISION** |
| 5.1 | **5.1    Nonpriority unsecured claims not separately classified.**<br><br>Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is che the option providing the largest payment will be effective. *Check all that apply.* |

| | | |
|---|---|---|
| | ☐ The sum of $ . <br> ☐ ___% of the total amount of these claims, an estimated payment of $____. <br> ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan. <br><br> If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **1,800.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made least this amount. | |
| | **PLAN AS MODIFIED** | |
| 5.1 | **5.1  Nonpriority unsecured claims not separately classified.** <br><br> Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is che the option providing the largest payment will be effective. *Check all that apply.* <br><br> ☐ The sum of $ . <br> ☒ **100** % of the total amount of these claims, an estimated payment of $ **27,821.04** . <br> ☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan. <br><br> If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in a this amount. | |
| Plan Part No. | **PREVIOUSLY FILED PLAN PROVISION** | |
| 8.1 | **8.1  Check "None" or List Nonstandard Plan Provisions** <br> ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.* | |

| | |
|---|---|
| a. Applicable Commitment Period | Pursuant to §1325(b)(4), as calculated under Part II of Form 122C, the Applicable Commitment Period for this case is **36 months**. |
| b. Direct Payment of Claims | Direct Payments By Debtors On Claims Secured by Personal Property: The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor. <br><br> \| Creditor \| Collateral \| <br> \|  \|  \| |
| c. Adequate Protection Payments | Debtor(s) proposes that certain pre-confirmation payments under 11 U.S.C. § 1326(a)(1) be made pursuant to Attachment 1 included herein. Specifically, adequate protection shall be paid on |

|  |  |  |
|---|---|---|
|  |  | secured claims held by **CREDIT** included in section 3.2 of the plan and **Creditor** included in section 3.3 of the plan. |
|  | d. Local Rules Incorporated | The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan. |
|  | e. Attorney fees | Debtor(s) attorney prays for an award of attorney fees in the amount of the presumptive fee for this case as per published chamber procedures which is **$5,000.00, with counsel having received a retainer of $0.00. Debtors fee shall be paid separate from the plan by agreement with the Teamster's Union and pursuant to such contract** Debtor's counsel reserves the right to submit an application for compensation for all services provided and expenses incurred that are not paid by the agreement under with the Teamster's Union. Trustee need not distribute funds for the award of attorney fees for services rendered from Petition through confirmation unless a separate fee app is submitted and approved by the court. |
|  | **PLAN AS MODIFIED** |  |

| 8.1 | Check "None" or List Nonstandard Plan Provisions |
|---|---|
| ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.* | |

| | |
|---|---|
| a. Applicable Commitment Period | Pursuant to §1325(b)(4), as calculated under Part II of Form 122C, the Applicable Commitment Period for this case is **36 months**. Pursuant to §1322(d), based on the Statements and Schedules filed in the case, representations made by the debtor(s), the pleadings and other good cause appearing, the Court finds cause to extend the period for payments to be made under the plan to a period of up to **5 years** as may be necessary to make payment on claims as proposed in the plan. |
| b. Direct Payment of Claims | <u>Direct Payments By Debtors On Claims Secured by Personal Property:</u> The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor.<br><br>\| Creditor \| Collateral \|<br>\|---\|---\|<br>\| Wasatch Peaks Credit Union \| 2023 C-F Moto 600 \| |
| c. Adequate Protection Payments | NONE |
| d. Local Rules Incorporated | The Local Rules of Practice of the United States Bankruptcy Court for the District of Utah are incorporated by reference in the Plan. |
| e. Attorney fees | Debtor(s) attorney prays for an award of attorney fees in the amount of the presumptive fee for this case as per published chamber procedures which is **$4,750.00, with counsel having received a retainer of $0.00. Debtors fee shall be paid separate from the plan by agreement with the Teamster's Union and pursuant to such contract** Debtor's counsel reserves the right to submit an application for compensation for all services provided and expenses incurred that are not paid by the agreement under with the Teamster's Union. Trustee need not distribute funds for the award of attorney fees for services rendered from Petition through confirmation unless a separate fee app is submitted and approved by the court. |

2. The modification does not otherwise materially impact other secured, priority, or

nonpriority unsecured creditors. The proposed plan, with the modification, satisfies the requirements of Section 1322 and 1325 of the Bankruptcy Code.

3. Under § 1323(c), any holder of a secured claim that has accepted or rejected, as the case may be, the prior plan is deemed to have accepted or rejected the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and changes such holder's pervious acceptance or rejection.

THEREFORE, because the modification does not require notice to creditors, Debtor requests the Bankruptcy Court to confirm the plan as modified without further notice or hearing.

Dated: 7/9/2025

/s/
Steven M. Rogers
Attorney for Debtor(s)

**CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I hereby certify that on **July 9, 2025** I electronically filed the foregoing Motion to Modify Plan Pre-Confirmation with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- **Darwin H. Bingham**    dbingham@scalleyreading.net, cat@scalleyreading.net
- **Lon Jenkins tr**    ecfmail@ch13ut.org, lneebling@ch13ut.org
- **Steven M. Rogers**    srogers@roruss.com, nrussell@roruss.com;rorusslaw@gmail.com;paralegal@roruss.com;r47264@notify.bestcase.com;bwhiting@roruss.com
- **United States Trustee**    USTPRegion19.SK.ECF@usdoj.gov

**CERTIFICATE OF SERVICE – MAIL, OTHER**

I hereby certify that on **July 9, 2025** I caused to be served a true and correct copy of the foregoing Motion to Modify Plan Pre-Confirmation as follows:

**Mail Service - By regular first class United States mail, postage fully pre-paid, addressed to:**
*-NONE-*

**Mail Service to Entire Matrix – By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated July 9, 2025 attached hereto.**
*-NONE-*

_____/s/_____

Trista Anderson

Paralegal